United States District Court
Southern District of Texas
FILED

APR 13 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JESUS GARZA, MARTHA ALEJOS, FELIPE ALEJOS, ANDRES ARJONA, CARLOS ARREOLA, TIMOTEO ARREAGA, ISIDRO BANDA, ISRAEL BECERRA, LUCIANO CAMPOS, CARLOS CASANOVA, ROMUALDO CORRALES, FRANCISCO CRUZ JR., ENRIQUE FARIAS, RAMIRO GARCIA, ROBERTO GARZA, ABEL LOPEZ, ABEL LOPEZ, JR., BEATRIZ LOPEZ, MARTHA LOPEZ, ANTONIO MARTINEZ, JUAN MARTINEZ, SERGIO MARTINEZ, JOSE MEJIA, GONZALO PEREZ, CARLOS QUINTANILLA, DOROTEO RODRIGUEZ, RUDECINDO RODRIGUEZ, TEOFILO SOLIS, FELIX SUAREZ, JUAN TORRES, and RAUL VASQUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANTATION SWEETS, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br><br>B-00-056<br><br>JURY |

COMPLAINT

PRELIMINARY STATEMENT

1.    This is an action brought by thirty-one migrant agricultural workers recruited in the Rio Grande Valley, Cameron County, Texas to pack Vidalia onions for the Defendant, Plantation Sweets, Inc. (hereinafter "Plantation Sweets") in Tattnall County, Georgia during the Spring 1999 Vidalia onion harvest. Plaintiffs complain that Plantation Sweets violated their rights under the Agricultural Worker Protection Act (hereinafter the "AWPA"), 29 U.S.C. §§ 1801-1872 and the Fair

-1-

Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201-219. Among other things, Plaintiffs allege that Plantation Sweets violated the working arrangement with all Plaintiffs, and failed to pay minimum and overtime wages to some Plaintiffs.

2. Plaintiffs have suffered severe economic hardship due to Plantation Sweets' violations of federal law. Plaintiffs seek an award of money damages, injunctive, and declaratory relief for losses caused by Plantation Sweets' illegal conduct to ensure that Plantation Sweets will not subject Plaintiffs and other migrant agricultural workers to such conduct in the future.

## JURISDICTION

3. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. § 1854 (AWPA), and 29 U.S.C. § 216(b) (FLSA).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper in this district pursuant to 29 U.S.C. § 1854(a) and 28 U.S.C. §§1391(b) and (c).

## PARTIES

6. Plaintiffs are migrant agricultural workers whose permanent residences are in Cameron County, Texas.

7. Defendant Plantation Sweets is a corporation in good standing duly formed under the laws of the State of Georgia, and may be served with process through its Registered Agent, Glen A. Cheney, 100 Memorial Drive, Reidsville, Georgia 30453.

## STATEMENT OF FACTS

8.  Plaintiffs are "migrant agricultural workers" as defined by the AWPA, 29 U.S.C. § 1802(8)(a), in that they were employed in agriculture of a seasonal nature and were required to be absent overnight from their permanent places of residence. The majority of the Plaintiffs are monolingual Spanish speakers.

9.  At all times relevant to this action, Plantation Sweets was an "agricultural employer" as defined by the AWPA, 29 U.S.C. § 1802(2).

10. The produce planted and harvested by Plantation Sweets was produced for movement in interstate commerce or for incorporation as an ingredient in products which could be anticipated to move in interstate commerce.

11. At all times relevant to this action, Arturo Muñoz (hereinafter "Muñoz"), was employed, used, hired, or contracted by Plantation Sweets to recruit, transport, and house migrant agricultural workers and he acted as their agent.

12. Upon information and belief, Muñoz is also known as "el cowboy."

13. At all times relevant to this action, Muñoz was a "farm labor contractor" within the meaning of 29 U.S.C. § 1802(7) in that he conducted farm labor contracting activities in, among other places, Cameron County, Texas.

14. Upon information and belief, at all times relevant to this action, Muñoz did not possess the federally required certificate of registration to engage in farm labor contracting activities.

15. Upon information and belief, Plantation Sweets utilized Muñoz to engage in farm labor contracting activities without first taking reasonable steps to determine whether he was properly registered and authorized to act as a farm labor contractor.

16. In March and April 1999, acting on behalf of Plantation Sweets in Cameron County, Texas, Muñoz recruited the Plaintiffs to pack Vidalia onions in the vicinity of Tattnall County, Georgia for Plantation Sweets.

17. Acting on behalf of Plantation Sweets, Muñoz verbally described to the Plaintiffs, while the Plaintiffs were in Cameron County, Texas, the terms and condition of the employment available in Georgia.

18. Acting on behalf of Plantation Sweets, Muñoz offered, and the Plaintiffs accepted while in Cameron County, Texas, agricultural employment for the Spring 1999 Vidalia onion harvest.

19. Muñoz offered, and Plaintiffs accepted while in Cameron County, Texas, employment upon the following terms which constitute the working arrangement:

   a. free transportation to the work site in Georgia or reimbursement of transportation and subsistence costs upon arrival;

   b. steady work upon arrival for the entire Vidalia onion harvest season;

   c. wages of $5.75 per hour to work in the packing shed plus an additional $.25 per hour upon completion of the full work period; and

   d. housing subsidized by the employer, at a cost to each worker of $5-6 per week; an implied condition was that the housing would meet the minimum health and safety standards applicable to migrant agricultural worker housing.

20. Plaintiffs were never given any written disclosure describing the terms and conditions of employment. Such disclosures should have been, but were not, provided to the Plaintiffs in Spanish at the time of recruitment and prior to their departure from Texas.

21. At the time Plaintiffs were recruited in Cameron County, Texas, they were not shown a written statement describing the terms and conditions for occupying the housing being offered.

22. The Plaintiffs accepted the terms of employment offered by Muñoz on behalf of Plantation Sweets in Cameron County, Texas.

23. The work agreement was entered into in Cameron County, Texas and among other things, the work agreement called for the Plaintiffs to leave their place of residence in Texas and travel to Georgia.

24. Relying upon the promises made by Muñoz on behalf of Plantation Sweets, Plaintiffs ceased all efforts to obtain other seasonal employment, made preparations in Texas to travel to Georgia, and did travel to Georgia in order to be available to begin work immediately upon arrival.

25. Relying upon Plantation Sweets' promise to reimburse their travel expenses, Plaintiffs FELIPE ALEJOS, MARTHA ALEJOS, CARLOS ARREOLA, FRANCISCO CRUZ, JR., ABEL LOPEZ, ABEL LOPEZ, JR., BEATRIZ LOPEZ, and MARTHA LOPEZ, each arranged for their own transportation from Brownsville, Texas to Cobbtown, Georgia. Before leaving Texas, Muñoz provided these Plaintiffs with directions to Plantation Sweets' packing shed.

26. Upon information and belief, Plantation Sweets chartered or otherwise arranged for the bus in which Plaintiffs ANDRES ARJONA, TIMOTEO ARREAGA, ISIDRO BANDA, ISRAEL BECERRA, LUCIANO CAMPOS, CARLOS CASANOVA, ROMUALDO CORRALES, ENRIQUE FARIAS, RAMIRO GARCIA, JESUS GARZA, ROBERTO GARZA, ANTONIO MARTINEZ, SERGIO MARTINEZ, JUAN MARTINEZ, JOSE MEJIA, GONZALO PEREZ, CARLOS QUINTANILLA, DOROTEO RODRIGUEZ, RUDECINDO RODRIGUEZ, FELIX SUAREZ, and RAUL VASQUEZ were transported from Brownsville, Texas to Cobbtown, Georgia.

27. Upon information and belief, Plantation Sweets chartered, leased, or made arrangements with "El Expresso," a bus company located in Brownsville Texas, to transport Plaintiffs named in paragraph 26 from Brownsville, Texas to Cobbtown, Georgia. These transportation arrangements were made in Brownsville, Texas.

28. Plaintiffs then left their homes in Texas and traveled to Georgia in order to work for Plantation Sweets under the terms offered in Texas by Muñoz on behalf of Plantation Sweets.

29. When Plaintiffs arrived in Georgia, they were taken to the Plantation Sweets packing shed to register for work.

30. After registering for work, Plaintiffs were taken to the migrant housing (hereinafter, "migrant labor camp") that they had been promised, but the housing was not ready for occupancy.

31. For the first night, all Plaintiffs were assigned to be housed in a single house, but the housing was so overcrowded that some of the Plaintiffs slept in their cars.

32. After the first night, Plantation Sweets housed the Plaintiffs for at least one day at the Days Inn motel located in Metter, Georgia.

33. After spending the night at the motel, most of the Plaintiffs were then housed at the migrant labor camp.

34. Upon information and belief, the migrant labor camp was owned and/or controlled, as that term is defined by the AWPA, by among others, Plantation Sweets.

35. Plantation Sweets breached their working arrangement with the Plaintiffs by not complying with said arrangement in at least the following ways:

    a.    work was not available upon Plaintiffs' arrival;

    b.    when Plaintiffs arrived in Georgia, they were told that they would be paid less

than the promised wage $5.75 an hour, and those Plaintiffs who were actually provided employment were only paid $5.15 per hour;

e. Plaintiffs were taken to housing which was overcrowded and unsanitary;

f. the housing failed to meet minimum safety and health standards outlined in the OSHA regulations, 29 C.F.R. § 1910.142;

c. Plaintiffs were informed that housing would cost $25 a week per person; and

d. with regard to the Plaintiffs named in paragraph 25, transportation costs were not reimbursed.

36. Plaintiffs were at all times ready to comply with the terms of the working arrangement, and they did comply with those terms.

37. Plaintiffs FELIPE ALEJOS, MARTHA ALEJOS, CARLOS ARREOLA, FRANCISCO CRUZ, JR., ABEL LOPEZ, ABEL LOPEZ, JR., BEATRIZ LOPEZ, MARTHA LOPEZ, ENRIQUE FARIAS, DOROTEO RODRIGUEZ, FELIX SUAREZ, and RAUL VASQUEZ were forced to seek other employment because Plantation Sweets unjustly breached the working arrangement by not providing them with the promised employment and by housing them in substandard and overcrowded housing.

38. Plaintiffs ANDRES ARJONA, TIMOTEO ARREAGA, ISIDRO BANDA, ISRAEL BECERRA, LUCIANO CAMPOS, CARLOS CASANOVA, ROMUALDO CORRALES, JESUS GARZA, ROBERTO GARZA, ANTONIO MARTINEZ, SERGIO MARTINEZ, JOSE MEJIA, RAMIRO GARCIA, JUAN MARTINEZ, GONZALO PEREZ, RUDECINDO RODRIGUEZ, and CATARINO QUINTINALLA performed work for Plantation Sweets after waiting without work for at least 10 days. Plaintiffs did not receive as much work as had been promised to them in Texas.

39. Plaintiffs ANDRES ARJONA, TIMOTEO ARREAGA, ISIDRO BANDA, ISRAEL BECERRA, LUCIANO CAMPOS, CARLOS CASANOVA, ROMUALDO CORRALES, JESUS GARZA, ROBERTO GARZA, ANTONIO MARTINEZ, SERGIO MARTINEZ, JOSE MEJIA, RAMIRO GARCIA, JUAN MARTINEZ, GONZALO PEREZ, and RUDECINDO RODRIGUEZ were only paid $5.15 per hour instead of the promised hourly rate of $5.75. The Plaintiffs named in this paragraph worked more than 40 hours per week.

40. Upon information and belief, Plantation Sweets packed onions grown by other farms.

41. Upon information and belief, Plantation Sweets was required to pay its workers for time and half the regular rate of pay for each hour worked in excess of 40 each week.

42. Plantation Sweets made improper deductions from the pay of Plaintiffs ISIDRO BANDA, RAMIRO GARCIA, JUAN MARTINEZ, GONZALO PEREZ, RUDECINDO RODRIGUEZ, TEOFILO SOLIS, and JUAN TORRES which, upon information and belief, took these Plaintiffs' pay below the federally guaranteed minimum wage in violation of the FLSA.

43. Plaintiffs CARLOS QUINTANILLA and RUDECINDO RODRIGUEZ did not receive pay for all work they performed for Plantation Sweets which, upon information and belief, took these Plaintiffs' pay below the federally guaranteed minimum wage in violation of the FLSA.

44. As a result of Plantation Sweets' breach of the working arrangement, Plaintiffs incurred expense and suffered damages.

45. All of the actions and omissions alleged in the above paragraphs were undertaken by Plantation Sweets either directly or through its agents.

46. Plaintiffs made a good faith effort to settle their claims with Plantation Sweets prior to filing this lawsuit.

## COUNT I

### Agricultural Worker Protection Act ("AWPA")

47. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 46.

48. The Defendant's violations of the AWPA set forth in this count were the natural consequences of conscious and deliberate acts and were intentional within the meaning of AWPA, 29 U.S.C. § 1854(c)(1).

49. The Defendant violated the AWPA by:

   a. failing to take reasonable steps to determine whether Muñoz was properly registered and authorized to engage in the farm labor activities for which he was utilized, in violation of 29 U.S.C. § 1842;

   b. failing to disclose the specified information in writing at the time of recruitment as outlined in 29 U.S.C. § 1821(a);

   c. failing to pay the Plaintiffs named in paragraph 38 their wages owed when due in violation of 29 U.S.C. § 1822(a);

   d. failing to comply with the terms of the work arrangement as required by 29 U.S.C. § 1822(c);

   e. failing to ensure that the housing provided to the Plaintiffs complied with OSHA requirements as required by 29 U.S.C. § 1823(a); and

   f. providing false and misleading information regarding the terms and conditions of employment in violation of 29 U.S.C. §1821(f).

50. Plaintiffs are entitled, under 29 U.S.C. § 1854(c)(1), to recover either actual or statutory damages of up to $500 for each violation of the AWPA and other equitable relief.

## COUNT II

### Fair Labor Standards Act ("FLSA") - Minimum Wage

51.     Plaintiffs incorporate the allegations set forth in paragraphs 1-46.

52.     At all times relevant to this action, Plaintiffs were employed by the Defendant within the meaning of the FLSA.

53.     At all times relevant to this action, Plaintiffs were engaged in the production of goods for interstate commerce.

54.     Defendant violated 29 U.S.C. § 206 by failing to pay to the Plaintiffs named in paragraphs 42 and 43 at least the federal minimum wage of $5.15 per hour during each discrete work week during the period of Plaintiffs employment.

55.     Plaintiffs named in paragraphs 42 and 43 are entitled to recover from the Defendant their unpaid minimum wages, an equal amount in liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### Fair Labor Standards Act ("FLSA") - Overtime

56.     Plaintiffs incorporate the allegations set forth in paragraphs 1-46, 51-55.

57.     Defendant violated 29 U.S.C. § 207 by failing to pay to the Plaintiffs named in paragraph 39 their wages at one and one half times their regular rate of pay for all hours worked in excess of 40 hours a week.

58.     Plaintiffs named in paragraph 39 are entitled to recover from the Defendant their unpaid overtime wages, an equal amount in liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

-10-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. enter a declaratory judgment that Defendant violated the Plaintiffs' rights under the AWPA and the FLSA, as set forth in the preceding paragraphs;

b. award Plaintiffs their actual or statutory damages for the Defendant's violations of the AWPA;

c. award Plaintiffs named in paragraphs 42 and 43 their unpaid minimum wages plus an equal amount of liquidated damages;

d. award the Plaintiffs named in paragraph 39 their unpaid overtime wages plus an equal amount of liquidated damages;

e. enter a permanent injunction enjoining the Defendant from future violations of the AWPA;

f. award the Plaintiffs their post-judgment interest;

g. cast all costs on the Defendant; and

h. award the Plaintiffs such other relief as this Court deems just and proper.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted this _____ day of April, 2000,

_____
Rodolfo D. Sanchez
Co-Counsel for Plaintiffs
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RURAL LEGAL AID, INC.
300 S. Texas Blvd.
Weslaco, TX 78596
Tel: 956-968-9574
Fax.: 956-968-8823

_____
Nancy J. Schivone
Attorney-in-Charge for Plaintiffs
Georgia State Bar No. 629398
P.O. Box 1669
Tifton, Georgia 31793
Tel: 912-386-3566
Fax: 912-386-3588

Lisa J. Krisher
Georgia State Bar No. 429762
Phyllis J. Holmen
Georgia State Bar No. 363850
Co-Counsel for Plaintiffs
1100 Spring Street, Suite 200-A
Atlanta, Georgia 30309
Tel: 404-206-5175
Fax: 404-206-5346